# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-222-RLV-DCK

| | |
|---|---|
| **MYRA TEESATESKEE,** | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND** |
|  | ) **RECOMMENDATION** |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 9) and the "Commissioner's Motion For Summary Judgment" (Document No. 10). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" be <u>denied</u>; that "Commissioner's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Plaintiff Myra Teesateskee ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1).

On or about September 12, 2005, Plaintiff initially filed an application for disability and disability insurance benefits, alleging disability beginning June 30, 2004. Plaintiff's application was denied, and that denial was ultimately affirmed by Administrative Law Judge Gregory M. Wilson in a decision dated September 23, 2008. (Transcript of the Record of Proceedings ("Tr.")

981-996). Judge Wilson noted that Plaintiff had "quit her job because her employer moved away and not because of alleged disability." (Tr. 995). Judge Wilson concluded that Plaintiff was capable of performing her past relevant work as an insurance billing clerk and office assistant in a medical office. (Tr. 996). On January 5, 2009, the Appeals Council declined to review Judge Wilson's decision, thus making it the final decision of the Commissioner of Social Security in that case. (Tr. 132).

On or about March 11, 2009, Plaintiff filed for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning September 19, 2008. (Tr. 139, 301, 306, 1000). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application on or about June 5, 2009, and again after reconsideration on September 21, 2009. (Tr. 139, 182, 188, 193, 197, 1000).

In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 197).

On January 25, 2011, Administrative Law Judge John S. Lamb issued a decision finding that Plaintiff was not disabled and *could* perform her past relevant work as a billing clerk. (Tr. 150-151, 1011-1012).

The Appeals Council remanded Judge Lamb's first decision. (Tr. 18, 1023). On remand, Judge Lamb again determined that Plaintiff was not disabled. (Tr. 32, 1037). However, Judge Lamb found in his second decision that Plaintiff could *not* return to her past relevant work, but was capable of other work in the national economy including: new account clerk, printed circuit board assembler inspector, and ampoule sealer. (Tr. 31, 1036).

On May 8, 2014, the Honorable Frank D. Whitney issued an "Order" granting in part and denying in part Plaintiff's appeal of Judge Lamb's second decision. (Tr. 1050-1052); Teesateskee v. Colvin, 2:13-CV-006-FDW (Document No. 20) (W.D.N.C. 2014). Specifically, Chief Judge Whitney directed that this matter be "REMANDED **for the limited purpose** of allowing the ALJ to indicate on the record as to whether he considered Dr. Marcus's opinion or explain why he disregarded it." Id. (Emphasis added).

On March 31, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Alice Jordan (the "ALJ"). (Tr. 892, 920-980). In addition, a vocational expert Leanna Hollenbeck (the "VE"), and Plaintiff's counsel, Paul T. McChesney, appeared at the hearing. (Tr. 922). The ALJ issued an unfavorable decision on July 7, 2015, denying Plaintiff's disability claims for the *fourth* time. (Tr. 892-910).

On August 5, 2015, Plaintiff filed a request for review of the ALJ's decision which was denied by the Appeals Council on May 5, 2016. (Tr. 869-872, 882). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review

3

request. (Tr. 870). Notably, the Appeal Council included a detailed explanation for declining further consideration of this matter:

> You contend that the Administrative Law Judge did not follow the Appeals Council's Order in that she did not properly evaluate the opinion of consulting examiner Karen Marcus, Psy.D.
>
> The Administrative Law Judge considered the opinion of Dr. Marcus on page 17 of 19, and gave weight to this opinion to the extent that it is indicative of no more than mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace. The Administrative Law Judge gave reasons for the weight assigned, as provided in 20 CFR 404.1527 and 416.927, most notably the inconsistency of Dr. Marcus's opinion with the opinions of two other consulting examiners, W. Jim Miller, Ph.D. and Grace Barnes, Psy.D., and the fact that Dr. Marcus's findings are inconsistent with the longitudinal objective findings in the administrative record.
>
> We find that the Administrative Law Judge did not err in weighing the opinion of Dr. Marcus.
>
> Further, you contend that the claimant's mental impairments cause a significant reduction in her ability to perform work-related activities. You indicate the that finding otherwise represents sole reliance on Dr. Barnes opinion and improper assessment of the opinions of Bonny Gregory, MD, Henry Perkins, Ph.D., Dr. Marcus, and Dr. Miller, all of who opined that the claimant has moderate difficulties with concentration, persistence, or pace.
>
> The Administrative Law Judge discussed and weighed each of the above opinions. The Administrative Law Judge assessed substantial weight to Dr. Barnes opinion, and limited weight to the opinions of Drs. Marcus, Gregory, and Perkins on page 17 of 19 and to Dr. Miller's opinion at page 16 of 19. The Administrative Law Judge found that the claimant had a medically determinable impairment of depressive disorder, at page 8 of 19. Pursuant to section 12.00 D. of 20 CFR, Part 404, Subpart P, Appendix 1, she went on to find that the claimant has a mild restriction of activities of daily living, mild difficulties in maintaining social functioning and with concentration, persistence , or pace, and no episodes of decompensation. The Administrative Law Judge supported each finding with rationale based on her assessment of the weight of the evidence of record.

4

> We find that the Administrative Law Judge did not err in finding that the claimant does not have a severe mental impairment.
>
> The Administrative Law Judge has complied with the court and Appeals Council orders. Substantial evidence supports the decision and it does not contain legal error. Further, the exceptions do not provide a basis for the Appeals Council to assume jurisdiction of the case and the Appeals Council finds no other basis for changing the decision.

(Tr. 869-870).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 28, 2016. (Document No. 1). On January 11, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 9) and "Plaintiff's Memorandum In Support Of Her Motion For Summary Judgment In Her Social Security Appeal" (Document No. 9-1) were filed December 5, 2016; and "Commissioner's Motion For Summary Judgment" (Document No. 10) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 11) were filed February 1, 2017. "Plaintiff's Response Brief In Support Of Her Social Security Appeal" (Document No. 12) was filed on February 15, 2017.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 19, 2008, and the date

of her decision.[1] (Tr. 892). More specifically, the ALJ in this case was directed by the Appeals Council and Chief Judge Whitney to address whether the opinion of Dr. Karen Marcus has been considered or to explain why it has been disregarded. (Tr. 892, 1050).

To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 908-910).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since September 19, 2008, her alleged disability onset date. (Tr. 894). At the second step, the ALJ found that obesity degenerative disc disease of the lumbar spine, scoliosis, status post fusion from T8 to L4 and residual pain from a tibia fracture sustained in 2007, were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 900).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary work, with the following limitations:

> can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently. She can sit for up to 6 hours in an 8-hour workday and stand or walk for up to 2 hours in an 8-hour workday. The claimant can never push or pull with the right lower extremity. She can never climb ladders and she can occasionally climb, crouch, crawl, stoop and kneel. The claimant can frequently balance. She can perform routine tasks only.

(Tr. 901). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as an administrative clerk or insurance clerk. (Tr. 908). However, the ALJ noted that Plaintiff had acquired skills in her past relevant work that are transferable. (Tr. 908-909).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 909). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included hospital admitting clerk, receptionist, and appointment clerk. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between September 19, 2008, and the date of her decision, July 7, 2015. (Tr. 909-910).

Plaintiff on appeal to this Court initially raised the following assignments of error: (1) the ALJ failed to properly weigh the opinion of Dr. Marcus; and (2) the ALJ improperly relied on the VE's testimony. (Document No. 9-1, pp.4-5). Plaintiff has since withdrawn its second alleged error related to the VE's testimony. (Document No. 12, p.6).[3] The undersigned will discuss the remaining alleged error below.

**Opinion of Dr. Karen Marcus, Psy.D.**

Plaintiff "was referred by her attorney, Russell Bowling, J.D. for a psychological evaluation . . . to provide psychological information relative to her application for Social Security

---

[3] The Court commends counsel for using the opportunity of the response brief to acknowledge that the second alleged error should be withdrawn.

Disability." (Tr. 811). Dr. Marcus conducted a psychological evaluation, lasting approximately 2-2 1/2 hours, on April 21, 2010. (Tr. 811-825, 896, 907).

The only remaining alleged error in this matter, after numerous appeals of Plaintiff's claims, is that the ALJ failed to properly weigh the opinion of Dr. Marcus. (Document No. 9-1, pp.4-13). Of course, as noted above, the "limited purpose" of Judge Jordan hearing this case on its fourth review by an ALJ was to specifically indicate on the record whether the opinion of Dr. Marcus has been considered, or why it should be disregarded. (Tr. 892, 1050).

The undersigned observes that as part of her thorough decision, Judge Jordan addressed Dr. Marcus' examination and findings, along with the findings of Plaintiff's other examiners. See (Tr. 896-897, 899-900) (citing Tr. 811-825). Judge Jordan further indicated her consideration of Dr. Marcus' opinion by explaining why she "attributed limited weight" to the findings of Dr. Marcus. See (Tr. 907-908) (citing Tr. 811-825); see also (Tr. 869-870).

The undersigned is persuaded that the ALJ more than adequately addressed Chief Judge Whitney's directive in his remand Order. (Tr. 1050-1052). Moreover, the ALJ conducted a full hearing and review of this matter and then issued a decision supported by substantial evidence. (Tr. 892-910).

As noted above, where a decision is supported by substantial evidence it is not for the reviewing court to re-weigh the evidence. Hancock v. Astrue, 667 F.3d at 472. "We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled,' we defer to the Commissioner's decision." Williamson v. Berryhill, 5:15-CV-070-GCM, 2017 WL 2954600, at *1 (4th Cir. July 11, 2017) (quoting Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)).

The crux of Plaintiff's argument is that she disagrees with the weight the ALJ(s) assigned to Dr. Marcus' opinion. (Document No. 9-1). Based on the reasoning and authority above, and as stated by the Appeals Council, this Court should decline to reweigh Dr. Marcus' opinion.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 9) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 10) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond,

416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: August 17, 2017

David C. Keesler
United States Magistrate Judge